OPINION OF THE COURT
Simeon Golar, J.
Ordered that the motion and cross motion are determined as follows:
The five plaintiffs are residents of defendant Leben Home for Adults (Leben Home), an adult care facility which provides long-term residential care for people who suffer from disabilities and are unable to fully care for themselves. Leben Home is owned and operated by the individual defendants. The operation of such facilities is governed by article 7 of the Social Services Law and the regulations promulgated thereunder.
The amended complaint asserts 36 causes of action sounding in breach of contract, breach of fiduciary duty, conversion and fraud. The defendants’ alleged failure to comply with certain statutory and regulatory requirements underlies all of the plaintiffs’ causes of action. In addition to monetary damages, the plaintiffs seek declaratory and injunctive relief. The plaintiffs allege, inter alia, that the defendants have converted or improperly assumed custody and control over thousands of dollars of their money without providing an accounting therefor in violation of State and Federal law and regulations and breach of the written admission agreement between Leben Home and each of the plaintiffs.
The defendants move to dismiss the second, sixth, eighth, ninth, tenth, fourteenth, sixteenth, seventeenth, eighteenth, *537 twenty-first, twenty-third, twenty-fifth, twenty-ninth, thirtieth, thirty-fifth, and thirty-sixth causes of action alleged in the amended complaint on the ground that a private right of action does not exist for the claims asserted therein. Contrary to the defendants’ contentions, these causes of action are actionable because they allege a breach by the defendants of the parties’ admission agreements.
Section I of the parties’ written admission agreement states that “the parties to this agreement understand that this facility is an adult care facility providing lodging, board, housekeeping, personal care and supervision services to the resident in accordance with New York State Social Services Law and Regulations of the New York State Department of Social Services.” Any alleged breach of an admission agreement is actionable pursuant to Social Services Law § 461-c which provides, in relevant part, as follows:
“1. Every operator of an adult care facility, except a shelter for adults, shall execute with each applicant for admission a written admission agreement, dated and signed by the operator and the parties to be charged, which shall contain the entire agreement of the parties and such other information as department regulations shall require * * *
“2-a. (b) An action for breach of the warranty of habitability and any violation of a written admission agreement may be maintained in a court of competent jurisdiction by the resident or representative of the resident. The court shall apply New York Rules of Court Part 130 to any action brought pursuant to this section”. (Emphasis supplied.)
Accordingly, that branch of the defendants’ motion which seeks dismissal of the second, sixth, eighth, tenth, fourteenth, sixteenth, eighteenth, twenty-first, twenty-third, twenty-fifth, twenty-ninth, thirty-first, and thirty-fifth causes of action for an alleged breach of the parties’ admission agreements is denied.
The defendants also seek to strike the plaintiffs’ request for punitive damages contained in the second, third, fourth, seventh, ninth, tenth, eleventh, twelfth, fifteenth, seventeenth, eighteenth, nineteenth, twenty-second, twenty-fourth, twenty-fifth, twenty-sixth, twenty-eighth, thirtieth, thirty-first, thirty-second, thirty-fourth, and thirty-sixth causes of action on the ground that punitive damages are not recoverable as a matter of law. These causes of action allege, inter alia, statutory violations and breach of the parties’ admission agreements arising out of defendants’ acts of fraud, breach of fiduciary duty, *538 conversion and misappropriation of plaintiffs’ monthly personal allowance benefits. Contrary to the defendants’ contention, the plaintiffs’ request for punitive damages with respect to these causes of action is expressly permitted by section 131-o of the Social Services Law, which provides, in pertinent part, the following:
“1. Each individual receiving * * * residential care * * * shall be entitled to a monthly personal allowance out of such benefits * * *
“2. The personal allowance described in subdivision one of this section shall be made directly available to the individual for his own use in obtaining clothing, personal hygiene items, and other supplies and services for his personal use not otherwise provided by the residential facility. Any waiver of the right to a personal allowance by an individual entitled to it shall be void. The facility shall, for each such individual, offer to establish a separate account for the personal allowance. Each individual electing to utilize such an account shall be entitled to a statement upon request, and in any case quarterly, setting forth the deposits and withdrawals, and the current balance of the account * * * Whenever a resident authorizes an operator of a facility to exercise control over his or her personal allowance such authorization shall be in writing and subscribed by the parties to be charged. Any such money shall not be mingled with the funds or become an asset of the facility or the person receiving the same, but shall be segregated and recorded on the facility’s financial records as independent accounts.
“3. Any individual who has not received or been able to control personal allowance funds to the extent and in the manner required by this section may maintain an action in his own behalf for recovery of any such funds, and upon a showing that the funds were intentionally misappropriated or withheld to other than the intended use, for recovery of additional punitive damages in an amount equal to twice the amount misappropriated or withheld. The department may investigate any suspected misappropriation or withholding of personal allowance funds and may maintain an action on behalf of any individual to recover any funds so misappropriated, including any punitive damages.” (Emphasis supplied.)
Based upon the foregoing, that branch of the motion which seeks to strike the plaintiffs’ requests for punitive damages is denied.
The defendants also move to dismiss the plaintiffs’ request for declaratory and injunctive relief set forth in *539 paragraphs 18 through 25 on pages 93 and 94 of the amended complaint on the ground that no private right of action exists by adult home residents for injunctive relief under the Social Services Law. Contrary to the defendants’ contentions, the plaintiffs possess a previously recognized private right of action pursuant to which they may seek declaratory and injunctive relief herein (see, Henry v Isaac, 214 AD2d 188). Accordingly, this branch of the motion is also denied.
Finally, contrary to the defendants’ contentions, the first cause of action for breach of fiduciary duty arising out of defendants’ alleged failure to comply with their obligation to properly conserve or invest plaintiff Viruet’s funds, including a $44,826.21 retroactive Social Security payment allegedly received by the defendants as representative payee for Mr. Viruet, does not warrant dismissal. While the plaintiffs allege that the defendants failed to comply with their obligation pursuant to a Federal regulation, 20 CFR 404.2045 (a), the right to assert a claim for breach of fiduciary duty derives from the common law and, as such, the cause of action may be maintained. (Henry v Isaac, 214 AD2d 188, 190, supra.)
The cross motion to direct the continuation of discovery pending the determination of this motion is denied as moot.